Stephen A. **HODGSON**

v.

The **UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON.**

**Civil Action No. G–95–612.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 6, 1997.

Larry R. Daves, Carol Bertsch, Larry R. Daves & Associates, San Antonio, TX, for Stephen A. Hodgson.

Christopher N. Johnsen, Office of Attorney General, Austin, TX, Allison Hays Eccles, Office of Texas Attorney General, Austin, TX, for University of Texas Medical Branch at Galveston.

## ORDER DENYING MOTION TO DISMISS

KENT, District Judge.

Now before the Court is Defendant's Motion to Dismiss, dated December 9, 1996. For the reasons set forth below, the Motion is hereby **DENIED.**

The Defendant seeks dismissal of Plaintiff's claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.,* arguing that these claims are barred by the Eleventh Amendment to the Constitution of the United States. The Eleventh Amendment bars any claims brought against a state or state agency unless Congress has abrogated the state's immunity or the state has expressly waived its immunity to suit in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). Congress must make its intention to abrogate the states' sovereign immunity "unmistakably clear in the language of the statute." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). Defendant does not contest that Congress stated its intent to abrogate the

sovereign immunity of the various states in the ADEA.

Defendant instead argues that Congress did not have the authority to abrogate the states' Eleventh Amendment immunity under the Commerce Clause. The Supreme Court has recently held that while Congress has the authority to abrogate the states' sovereign immunity under the Fourteenth Amendment, it does not have the power to do so when it acts pursuant to the Commerce Clause. *Seminole Tribe of Florida v. Florida,* —— U.S. ——, ——, —— – ——, 116 S.Ct. 1114, 1125, 1131–32, 134 L.Ed.2d 252 (1996). Defendant cleverly points to two Supreme Court opinions where the Court has held that the ADEA was enacted pursuant to the Commerce Clause. *See Gregory v. Ashcroft,* 501 U.S. 452, 464, 111 S.Ct. 2395, 2402, 115 L.Ed.2d 410 (1991); *E.E.O.C. v. Wyoming,* 460 U.S. 226, 243, 103 S.Ct. 1054, 1064, 75 L.Ed.2d 18 (1983). However, in *Wyoming,* the Supreme Court declined to decide, as unnecessary, whether the ADEA could also be upheld as a valid exercise of Congress' powers under the Fourteenth Amendment. *Wyoming,* 460 U.S. at 243, 103 S.Ct. at 1064.[1] There is no reported case where the Fifth Circuit has upheld the ADEA as a valid exercise of Congress' power under either the Commerce Clause or the Fourteenth Amendment.

 Traditional notions of constitutional law obligate this Court to find constitutionality of Congressional action wherever reasonably possible. In their efforts to do so, courts are not limited to the legislative history, but may make a complete and independent review. This Court is mindful of the pronouncement of the Supreme Court twice holding that the ADEA is premised on the Commerce Clause. However, the Court must also balance the ambiguity of these holdings in their application to the facts of this case given that the Supreme Court has never reached the issue of whether the ADEA could be upheld as a valid exercise of Congressional power under the Fourteenth Amendment. Consequently, given the mandate of the Court to find constitutionality

wherever such interpretation is possible, and in the absence of a firm finding of unconstitutionality by the Supreme Court or the Fifth Circuit, the Court presumes constitutionality here.

Accordingly, the Court holds that, until such time that the Fifth Circuit or the Supreme Court explicitly find otherwise, the ADEA was validly enacted pursuant to Congress' power to enforce § 5 of the Fourteenth Amendment. Therefore, sovereign immunity has been effectively abrogated. Thus, although the Court applauds Defendant's counsel for its clever argument, the Defendant's Motion is respectfully **DENIED.**

**IT IS SO ORDERED.**

---

**1.** In *Gregory,* the Supreme Court simply reiterated and approved the holding of the *Wyoming*

Court. *Gregory,* 501 U.S. at 467–68, 111 S.Ct. at 2404–05.